IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BENJAMIN R. CAREY,

    Plaintiff/Counter-Defendant,

v.                                            Case No. 2:25-cv-02349-MSN-atc
                                                    JURY DEMAND

AARON J. GRIGSBY.

    Defendant/Counter-Plaintiff.

---

**ORDER GRANTING DEFENDANT'S MOTION TO STAY**

---

Before the Court is Defendant Aaron J. Grigsby's Motion to Stay (ECF No. 36, "Motion"), filed November 11, 2025. Defendant filed a Supplement to his Motion (ECF No. 39) on November 25, 2025. Plaintiff Benjamin R. Carey filed his response (ECF No. 42) on November 28, 2025. For the reasons given below, Defendant's Motion is hereby **GRANTED**.

Defendant represents that the Shelby County District Attorney's office has brought criminal charges against the Defendant for the same incident giving rise to this civil suit. (ECF No. 39 at PageID 126.) Accordingly, Defendant asks that this case be stayed until the parallel criminal matter has been resolved to allow the parties access to evidence currently held by the State of Tennessee and to protect Defendant's Fifth Amendment rights in pleading and discovery. (ECF No. 36-1 at PageID 102.) The Court acknowledges that the parties agree that at least a partial stay is required to protect Defendant's right against self-incrimination. (ECF No. 42 at PageID 141.) The parties have also begun discussions on agreed limitations of discovery and anticipate a

possible resolution in the coming weeks.  (*Id.* at PageID 142.)  Plaintiff asks the Court to establish a deadline for the parties to report on their progress at a status conference.  (*Id.* at PageID 143.)

As the Sixth Circuit has explained, "district courts have 'broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.'"  *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007)).  Among the factors courts consider are: (1) overlap of issues; (2) the posture of the criminal matter; (3) plaintiffs' interests in "proceeding expeditiously" and the prejudice of delay; (4) defendants' interests and burdens; (5) the courts' interests; (6) the public's interests; and (7) "the extent to which the defendant's fifth amendment rights are implicated."  *Id.* (citations omitted).

In the present case, the Court finds that there is a broad overlap of issues and the possibility of serious harm to Defendant's Fifth Amendment rights if discovery is permitted to proceed, especially given that he has now been indicted by the State.  (ECF No. 39 at PageID 126.)  Furthermore, the parties have agreed to a partial stay in substance and have indicated a willingness to work out an agreed discovery plan.  There is also a public interest in proceeding with all available evidence, which will require the release of evidence currently held by the State.  Accordingly, a stay of limited duration is unlikely to cause prejudice to Plaintiff (or the public) and will help the Court avoid devoting resources to crafting an intricate discovery order before the parties have attempted to do so themselves.[1]

Therefore, this case is hereby **STAYED** until a status conference to be held in January of 2026.  The Court will reevaluate the scope and duration of the stay at that time.  Nothing in this

---

[1] The Court also notes that a stay over the winter holiday season is unlikely to substantially disrupt the parties' progress.

order, however, prevents the parties from participating in mediation or engaging in agreed, limited discovery prior to that conference. The parties are **ORDERED** to submit a joint status report on their progress at least three (3) days before the status conference.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 36) is **GRANTED**. This case is **STAYED** until a January 2026 status conference to be set by separate notice.

**IT IS SO ORDERED**, this 2nd day of December, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE