### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

BENJAMIN R. CAREY,

        Plaintiff/Counter-Defendant,

v.

                                          Case No. 2:25-cv-02349-MSN-atc
                                          JURY DEMAND

AARON J. GRIGSBY.

        Defendant/Counter-Plaintiff.

---

### ORDER DENYING AS MOOT MOTION TO EXTEND DEADLINES

---

Before the Court is the Parties' Joint Motion to Extend Deadlines (ECF No. 52, "Motion"), filed February 4, 2026. The Parties represent therein that there is good cause to suspend all remaining case deadlines because "[d]iscovery in this case has been stayed" and the "duration of the stay is currently unknown." (*Id.* at PageID 184.)

In short, the Court is somewhat bewildered by the Parties' Motion. This case is already stayed in its entirety, with an exception for agreed discovery—there are no deadlines to extend. (*See* ECF No. 36 at PageID 99 (asking that the "Court grant [the] motion and stay *these proceedings*"); ECF No. 43 at PageID 151 (indicating that "this *case* is hereby stayed").) The Court even told the Parties verbally during the status conference on January 20, 2026: "For the record, my order of December 2nd granted the defendant's motion for stay until this status conference could be conducted. I'm going to extend it . . . ." (ECF No. 51 (transcript on file with the Court).)

Even more confusing is the Parties' suggestion that the Court needs to do something before this case can proceed. At the hearing on January 20, the Court made it abundantly clear that, given the Parties lack of agreement on the scope of discovery that would be allowable, *see* ECF No. 48 at PageID 159 ("The Parties disagree on whether Carey should be allowed to conduct discovery directed toward Grigsby on matters unrelated to his conduct before, during, and after the collision."), the stay would remain in place until one or both of the Parties submitted discovery motions or an agreement was reached. (ECF No. 51 (transcript on file with the Court) ("I'll extend that stay until you all come back with the appropriate pleadings."); *id.* ("I'm going to extend it until we receive an appropriate . . . motion to compel.")). But the stay always had a carveout for "agreed, limited discovery." (ECF No. 43 at PageID 151.) And the Parties conveyed an understanding of such during the January 20 hearing. Mr. Funderburke inquired if there was now a "blanket stay" or if Plaintiff "c[ould] proceed with responding," and the Court said, "that's fine." (ECF No. 51 (transcript on file with the Court).)

To summarize, the Court is expecting the Parties to either: (1) notify the Court that they have reached an agreement regarding the scope of discovery, or (2) file appropriate motions so that the Court can properly adjudicate the scope of discovery. Agreed discovery remains, as before, acceptable and permitted. Deadlines remain, as before, suspended. The Motion is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 6th day of February, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE